**DARRELL M. PADGETTE -  SBN 199382**
**AGHAVNI V. KASPARIAN-  SBN 204136**
**KP LAW**
633 West Fifth Street, Suite 2800
Los Angeles, California 90071
Tel:  (213) 223-2110 / Fax: (213) 223-2014
Email:  dpadgette@kplitigators.com
Email:  akasparian@kplitigators.com

Attorneys for Plaintiff
**SANDRA R. CHRISTIAN**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA R. CHRISTIAN, et. al., <br><br>              Plaintiff, <br> vs. <br><br> SUNBEAM PRODUCTS, INC. dba JARDEN CONSUMER SOLUTIONS, a Corporation; TARGET CORPORATION, a Corporation; DOES 1 – 100, inclusive, et. al., <br><br>              Defendants. | Case 5:15-cv-00011-JGB(SPx) <br><br> Judge:   Jesus G. Bernal <br> Magistrate:  Sheri Pym <br><br> **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER AND ORDER** |

      Pursuant to Federal Rules of Civil Procedure Rule 26(c), the Court hereby enters this Protective Order ("Order") governing the disclosure during pretrial discovery and the subsequent handling of highly sensitive and confidential information as follows:

    1.     **PURPOSES AND LIMITATIONS**

    1.1  **Scope.**  This Protective Order shall apply to proceedings and discovery in *Sandra  Christian  v.  Sunbeam  Products,  Inc.,  et.  al.*   (Case No.  5:15-cv-00011-JGB(SPx)) ("This Litigation").

1.2    **Need**.  Discovery concerning proprietary, competitively sensitive, trade secret, or other information, including plaintiffs' financial, medical and employment records will necessitate the disclosure of what each party contends is confidential and sensitive information.  Prior to production, no party can effectively evaluate the claims of the other as to the need for protection.  Thus, a means that enables the production of documents at least to the point of evaluating the asserted need for protection, as well as an order specifying how such documents need to be treated is required in this case. Moreover, pursuant to the terms of this Order, any document designated as confidential where that designation is disputed can be identified as such and the matter submitted to the Court for resolution.

In essence, in the absence of this Order, the Court would have to evaluate innumerable documents individually, and this task would likely severely burden the Court's processes and slow discovery.  As to those documents that are entitled to protection, disclosure of such confidential information is likely to prejudice the legitimate business, competitive, and/or privacy interests of the parties or of third parties.  A protective order is thus needed in this action to enable the documents to be evaluated and to protect against unauthorized disclosure of confidential information and to ensure that such information will be used only for purposes of <u>This Litigation</u>.  A protective order will also expedite the flow of discovery materials, protect the integrity of truly confidential information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection.

1.3    **Application**.  This Order shall govern any information produced in <u>This Litigation</u> by any party or third party, in any form (including, but not limited to, documents, electronically stored information, magnetic media, answers to interrogatories, responses to documents demands, responses to requests for admissions, and deposition testimony and transcripts), when the party producing the information reasonably believes that the information to be produced contains private, proprietary,

sensitive, trade secret, non-public financial, employment or medical information. Documents, or portions thereof, that are considered confidential may be so designated by marking them, in their entirety, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as hereinafter provided for in this Order.

1.4     **Limitations.**  The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.   The parties further acknowledge that this Order creates no entitlement to file "CONFIDENTIAL" documents under seal; that *Federal Rules of Civil Procedure Rule 5.2(d) and Central District of California Local Rule 79-5* set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.     **DEFINITIONS**

2.1     **Confidential Information**.  "Confidential Information" shall mean and include, without limitation, any information that concerns or relates to medical information, proprietary information, trade secrets, non-public commercial, financial, pricing, budgeting and/or accounting information, non-public information about existing and potential customers, marketing studies, performance and projections, non-public business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have or have had business relationships.  Confidential Information may be contained in the following types of documents: medical records, personal documents such as diaries, insurance, training records, personnel records, manuals, contracts, correspondence, e-mails, blueprints, specifications, drawings, engineering notes, production documents, test reports, certification related documents, meeting

minutes, meeting notices, presentation documents, and other types of documents relating to the design, manufacture, performance, sale, maintenance, and/or use of pressure cookers.

For purposes of this section, "trade secrets" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

2.2    **Documents**.  As used herein, the term "documents" includes all "writings" as that term is defined in *Federal Rules of Evidence Rule 1001(a)*, as well as, all video-graphic representations of any kind and all other data compilations from which information can be obtained, and other tangible things subject to production under the *Federal Rules of Civil Procedure*.

2.3    **Designating Party**.  The "Designating Party" is the party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.4    **Producing Party**.  A "Producing Party" is the party or non-party that produces documents in this action.

2.5    **Receiving Party**.  A "Receiving Party" is the party that receives documents from a Producing Party.

3.    **INITIAL DESIGNATION**

3.1    **Produced Documents**.  A party producing documents that it believes in good faith constitute or contain Confidential Information shall produce copies bearing a label or stamp that contains (or includes) language substantially similar to one of the following:

**CONFIDENTIAL**
**Subject to Protective Order in**
**Case 5:15-cv-00011-JGB(SPx)**

**HIGHLY CONFIDENTIAL**
**Subject to Protective Order in**
**Case 5:15-cv-00011-JGB(SPx)**

These labels (or stamps) shall be affixed in a manner that does not obliterate or obscure the contents of the copies. Claims of confidentiality will be made only with respect to documents to which the asserting party has a good faith belief are legally entitled to protection from under *Federal Rule of Civil Procedure 26(c)* and applicable case law. If it comes to the Designating Party's attention that information or items that it designated for protection do not qualify for the asserted protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

3.2 **Interrogatory Answers**. If a party answering an interrogatory believes that its answer contains Confidential Information, it shall set forth its answer in a separate document that is produced and designated in the same manner as a produced document under subparagraph 3.1. The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

3.3 **Inspections of Documents**. In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of Confidential Information need be made in advance of the inspection. For purposes of such inspection, all material inspected shall be considered as Confidential Information. If the inspecting party selects specified documents to be copied, the Producing Party shall designate Confidential Information in accordance with subparagraph 3.1 at the time the copies are produced.

3.4 **Deposition Transcripts**. After the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript

(including exhibits) that it wishes to designate as Confidential Information.  The entire deposition transcript (including exhibits) shall be treated as Confidential Information for twenty-one (21) calendar days after receipt.  If no designation is made within twenty-one (21) calendar days of receipt, the deposition transcript shall not be considered Confidential Information.  All parties in possession of a copy of a designated deposition transcript shall mark the front of each copy of the transcript with: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If all or part of a videotaped deposition is designated as confidential, the videocassette, DVD or other electronic media, and their containers shall also be marked as containing Confidential Information.

3.5    **Multi-page Documents**.  A party may designate all pages of an integrated, multi-page document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label or stamp specified in subparagraph 3.1 on the first page of the document. If a party wishes to designate only certain portions of an integrated, multi-page document as Confidential Information, it should designate such portions immediately below the label or stamp on the first page of the document and place the label or stamp specified in subparagraph 3.1 on each page of the document containing Confidential Information.

3.6    **Electronic Data.**  "Electronic Data" means information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes).  Counsel for the Producing Party will designate Electronic Data as "CONFIDENTIAL" in a cover letter identifying the information generally.  When feasible, counsel for the Producing Party will also mark the electronic or magnetic media with the appropriate designation.  Whenever any party to whom Electronic Data designated as Confidential Information is produced reduces such material to hardcopy form, such party shall mark the hardcopy form with the label or stamp specified in

subparagraph 3.1. Whenever any Confidential Information Electronic Data is copied into another file, all such copies shall also be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that party and its counsel must take all necessary steps to ensure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information.

3.7 **Inadvertent Failures to Designate**. If a Producing Party inadvertently fails to label or stamp or otherwise appropriately designate certain documents upon their production, it may thereafter designate such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by promptly giving written notice to all parties that the material is to be so designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material. If the Producing Party gives such written notice as provided above, their claims of confidentiality shall not be deemed to have been waived by failure to designate properly the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to disclosure. Upon receipt of written notice as provided for herein, the Receiving Party shall then stamp or label or otherwise mark the original and all known copies of the documents with the proper designation as described above. In addition, the Receiving Party shall use its best efforts to ensure that the information that was inadvertently disclosed is thereafter restricted to only those persons entitled to receive "CONFIDENTIAL" information under the terms set forth herein.

4.    **DESIGNATIONS BY ANOTHER PARTY**

4.1    **Notification of Designation**.  If a party other than the Producing Party believes that a Producing Party has produced a document that contains or constitutes Confidential Information of the non-Producing Party, the non-Producing Party may designate the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by so notifying all parties in writing by facsimile within sixty (60) days of service of the document.

4.2    **Return of Documents; Non-disclosure**.  Whenever a party other than the Producing Party designates a document produced by a Producing Party as Confidential Information in accordance with subparagraph 4.1, each party receiving the document shall either add the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designations in accordance with subparagraph 3.1 or substitute a copy of the document bearing that designation in accordance with subparagraph 3.1 for each copy of the document produced by the Producing Party.  Each party shall destroy all undesignated copies of the document or return those copies to the Producing Party, at the direction of the Producing Party.  No party shall disclose a produced document to any person, other than the persons authorized to receive Confidential Information under subparagraph 7.1, until after the expiration of the sixty (60) calendar day designation period specified in subparagraph 4.1.  If during the sixty (60) calendar day designation period, a party discloses a produced document to a person authorized to receive Confidential Information under subparagraph 7.1, and that document is subsequently designated as Confidential Information in accordance with subparagraph 4.1, the disclosing party shall cause all copies of the document to be destroyed or returned to the Producing Party, at the direction of the Producing Party.  The party may thereafter disclose a copy of the document that has been marked as Confidential Information by the Designating Party, in accordance with subparagraph 7.1.

///

5.    **OBJECTIONS TO DESIGNATIONS**

A party is not obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time made, and failure to do so will not preclude a subsequent challenge thereto.  In the event that a party disagrees at any stage of <u>This Litigation</u> with a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that party shall notify the Designating Party in writing of the disagreement.  The objecting party and the Designating Party shall promptly meet and confer in an attempt to resolve their differences.  If the Designating Party and objecting party are unable to resolve their differences, the objecting party shall have twenty-one (21) calendar days from the date of notifying the Designating Party of the objection to file a motion seeking the Court's ruling on whether the information should remain designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  The contested material shall be lodged with the Court under seal, consistent with *Federal Rules of Civil Procedure Rule 5.2(d) and Central District of California Local Rule 79-5*.  The burden of proving that the information has been properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" based on the standards for such designations set forth herein, is on the Designating Party.

All documents initially designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall continue to be subject to this Order unless and until the Court rules otherwise.  If the objecting party elects not to make a motion for a clarifying ruling with respect to whether documents should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL it shall be deemed to have withdrawn its objection.

6.    **CUSTODY**

During the pendency of <u>This Litigation</u> (including any appeals) and for ninety (90) calendar days after the conclusion of <u>This Litigation</u>, all Confidential Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the Receiving Party in the custody of counsel of record, or

by persons to whom disclosure is authorized under subparagraph 7.1, or by the Judge and Jury.  Paragraph 9 addresses in more detail handling of Confidential Information after the conclusion of <u>This Litigation</u>.

7. **HANDLING PRIOR TO TRIAL**

7.1    **Authorized Disclosures**

7.1.1  Materials designated "CONFIDENTIAL" shall only be disclosed to the following persons.

a.    Attorneys appearing as counsel of record in these proceedings and personnel who are directly employed by such counsel and who are actively assisting in the preparation of <u>This Litigation</u>;

b.    Counsel's third-party consultants and independent experts (and their agents and employees) who are employed for the purposes of <u>This Litigation</u>;

c.    Parties to <u>This Litigation</u>, limited to the named party and if that party is a corporate entity, those officers, directors, employees, in-house counsel, and insurers whose assistance is required for purposes of <u>This Litigation</u> and who must have access to the materials to render such assistance;

d.    Any deponent, during his or her deposition, who is the Designating Party or a current employee or member of the Designating Party (or any person who prepared or assisted directly in the preparation of the CONFIDENTIAL material);

e.    Any other deponent as to whom there is a legitimate need to disclose particular materials for purposes of identifying or explaining it or refreshing recollection;

f.    Fact witnesses or potential percipient witnesses at or in preparation for deposition or trial;

g.    Outside vendors employed by counsel for copying, scanning and general handling of documents;

h.      Persons or entities that provide litigation support services in connection with the taking of depositions, including necessary stenographic, videotape, and clerical personnel; and

i.      The Court and Court's Staff to whom materials are submitted as evidence or in connection with a motion or opposition thereto, subject to the Court's processes for filing materials under seal.

Such disclosures are authorized only to the extent necessary to prosecute or defend This Litigation.  Information designated as "CONFIDENTIAL" shall not be disclosed to persons described in Paragraphs 7.1.1(b), 7.1.1(e), of 7.1.1(f) unless and until such persons are provided a copy of this Protective Order, represent that they have read and understand the provisions of this Order, and execute an Agreement of Confidentiality ("Confidentiality Agreement") in substantially the form attached hereto as Exhibit A.  The originals of such Confidentiality Agreements shall be maintained by the counsel who obtained them until the final resolution of This Litigation. Confidentiality Agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

7.1.2  Materials designated "HIGHLY CONFIDENTIAL" shall only be disclosed to the following persons.

a.      Attorneys appearing as counsel of record in these proceedings and personnel who are directly employed by such counsel and who are actively assisting in the preparation of This Litigation;

b.      Counsel's third-party consultants and independent experts (and their agents and employees) who are employed for the purposes of This Litigation, but only on a need-to-know basis in order to assist his/her/its counsel of record in the conduct of This Litigation; provided, however, that such persons may retain Highly Confidential information only as long as is necessary to provide such assistance;

1           c.      Stenographic reporters and/or certified videotape operators engaged

2 in pretrial discovery; provided, however, that such persons may retain HIGHLY

3 CONFIDENTIAL information only as long as is necessary to perform such

4 engagement; and

5           d.      The Court and Court's Staff to whom materials are submitted as

6 evidence or in connection with a motion or opposition thereto, subject to the Court's

7 processes for filing materials under seal.

8      Such disclosures are authorized only to the extent necessary to prosecute or

9 defend <u>This Litigation</u>. Information designated as "HIGHLY CONFIDENTIAL" shall

10 not be disclosed to persons described in Paragraph 7.1.2(b) unless and until such

11 persons are provided a copy of this Protective Order, represent that they have read and

12 understand the provisions of this Order, are advised by the disclosing counsel that they

13 are bound by the provisions of this Protective Order and execute an Agreement of

14 Confidentiality ("Confidentiality Agreement") in substantially the form attached hereto

15 as Exhibit A. The originals of such Confidentiality Agreements shall be maintained by

16 the counsel who obtained them until the final resolution of <u>This Litigation</u>.

17 Confidentiality Agreements and the names of persons who signed them shall not be

18 subject to discovery except upon agreement of the parties or further order of the Court

19 after application upon notice and good cause shown.

20      7.1.3  Nothing in this Protective Order shall prohibit a party or its counsel from

21 disclosing "CONFIDENTIAL" or HIGHLY CONFIDENTIAL MATERIAL" material

22 to (a) the person(s) who authored the document or material; (b) persons who previously

23 received the document or material or a copy thereof not in violation of this Order; (c)

24 persons employed by the Producing Party; or (d) any other person or entity, provided

25 that, with respect to that person or entity, the Producing Party and Producing Party's

26 counsel first approve such disclosure in writing.

27 ///

28

**STIPULATED CONFIDENTIALITY AGREEMENT AND
PROTECTIVE ORDER AND [PROPOSED] ORDER**

7.2    **Additional Protection.** If a Designating Party believes that the disclosure and handling procedures provided for in this Order are not sufficient because certain material is extremely sensitive, the Designating Party shall inform the other parties to This Litigation and attempt to reach an agreement on the handling of the material.  If the parties cannot reach an agreement, the Designating Party may file a motion with the court for a more restrictive order.  Such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement.

7.3    **Unauthorized Disclosures**.  If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the Designating Party.  Without prejudice to other rights and remedies of the Designating Party, the responsible party or person shall make every effort to obtain the return of the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

7.4    **Court Filings**.  In the event any Confidential Information must be filed with the Court prior to the trial, the proposed filing shall comply with *Federal Rules of Civil Procedure Rule 5.2(d) and Central District of California Local Rule 79-5* regarding filing under seal.

8.    **HANDLING DURING TRIAL**

Confidential Information that is subject to this Order may be marked and used as trial exhibits by any party, subject to terms and conditions as imposed by the trial court upon application by the Designating Party.

///

///

STIPULATED CONFIDENTIALITY AGREEMENT AND
PROTECTIVE ORDER AND [PROPOSED] ORDER

9.   **HANDLING AFTER DISPOSITION**

Within 90 calendar days of the conclusion of <u>This Litigation</u> (including any appeals), the Designating Party may request that any or all Confidential Information be returned to the Designating Party.  After receiving a request to return, the Receiving Party at its option may destroy Confidential Information instead of returning it to the Designating Party, but must so notify the Designating Party.  The request for return shall specifically identify the documents or things to be returned if return of less than all Confidential Information is requested.  The attorney for the Receiving Party shall collect, assemble and return within 60 calendar days all such Confidential Information, including all copies and extracts thereof in the possession of the Receiving Party, its counsel or other authorized recipients, but not including copies, extracts or summaries that contain or constitute attorney work product.  If such work product is retained, however, the Confidential Information contained therein will continue to be controlled by this Protective Order.  Receipt of returned Confidential Information shall be acknowledged in writing if such an acknowledgment is requested.

10.   **USE OF CONFIDENTIAL INFORMATION**

Confidential Information shall not be used by any person, other than the Producing Party, for any purpose other than prosecuting, defending or settling <u>This Litigation</u>.  In no event shall Confidential Information be used for any business, competitive, personal, private, public or other purpose, except as required by law. Documents that are to be protected under this Stipulated Protective Order contain information which the parties contend is confidential including research, development, and commercial information that is valuable in the parties' respective businesses.  In this case, the good cause for keeping these documents confidential includes the need to preserve the parties' current and/or future competitive advantage.  If third parties gain access to the confidential information, the parties' businesses would suffer specific prejudice or harm because their competitive advantage would be compromised or lost.

11.   **NO IMPLIED WAIVERS**

The entry of this Order shall not be interpreted as a waiver of the right to object, pursuant to *Federal Rules of Civil Procedure*, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities.  Neither the agreement to, nor the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

12.   **MODIFICATION**

In the event any party hereto seeks a Court order to modify the terms of this Order, said party shall make such request by written stipulation or noticed motion to all parties that must be served and filed in accordance with Local Rules of Court.

13.   **CARE IN STORAGE**

Any person in possession of Confidential Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the Confidential Information to ensure that the confidential and sensitive nature of same is maintained.

14.   **NO ADMISSION**

Neither this Order nor the designation of any item as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in This Litigation or in any other proceeding.

15.   **NO APPLICATION**

Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that: (a) at the time of disclosure hereunder, was already lawfully in the possession of the receiving party and was not acquired through discovery or under any obligation of confidentiality; or (b) at the time of disclosure hereunder was, or

subsequently becomes, through no fault of the receiving party, a public document or publicly available.  Furthermore, nothing in this Order shall preclude any party to this Order from disclosing or using any information or documents not obtained pursuant to discovery, even though the same information or documents may have been produced by a party and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material.

### 16.   INADVERTENT PRODUCTION

Nothing in this Order abridges applicable law concerning inadvertent production of a document that the Producing Party believes contains attorney-client communications, attorney work product, or otherwise privileged information.

### 17.   PARTIES' OWN DOCUMENTS

This Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Order shall preclude any party from voluntarily disclosing its own documents or information to any party or non-party.

### 18.   NO EFFECT ON OTHER RIGHTS

This Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

### 19.   EXECUTION IN COUNTERPARTS

This agreement may be executed in counterparts.  Facsimile signatures will be considered as valid signatures as of the date hereof.

///

///

///

///

///

///

20.   **EFFECT OF ORDER**

This Order is binding on all parties to <u>This Litigation</u> and shall remain in full force and effect until modified, superseded or terminated by consent of the parties or by Order of Court.   This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the resolution of <u>This Litigation</u>.

**IT IS SO STIPULATED**.


DATED:                   . 2015          KP LAW



By: _____
                                                  Darrell M. Padgette
                                                  Attorneys for Plaintiff
                                                  SANDRA CHRISTIAN



DATED:_____, 2015          ARCHER NORRIS



By: _____
                                                  Patrick R. Ball
                                                  Attorneys for Defendant,
                                                  SUNBEAM PRODUCTS, INC.

**IT IS SO ORDERED.**

Pursuant to the above terms of the subject Stipulated Confidentiality Agreement and Protective Order and upon the satisfaction of the Court, and good cause appearing, IT IS SO ORDERED.

DATED: July 23, 2015

_____

Sheri Pym
United States Magistrate Judge

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, declare as follows:

1.     I reside at _____;

2.     My present employer is

_____;

3.     My present business address is

_____;

4.     My present occupation or job description is

_____;

5.     I have been engaged as a

_____ on behalf of

_____ in the preparation and conduct of the above-captioned litigation.

6.     I am fully familiar with and agree to comply with and be bound by the provisions of the Stipulated Protective Order (the "Order") and I attest to my understanding that access to information designated as "CONFIDENTIAL" ["HIGHLY CONFIDENTIAL"] may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I understand and acknowledge that failure to comply with the Order could expose me to sanctions and punishment in the nature of contempt.

7.     I understand that I am to retain all copies of any information designated as "CONFIDENTIAL" ["HIGHLY CONFIDENTIAL"] in a secure manner, and that all copies are to remain in my personal custody until this action is terminated or until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated as

STIPULATED CONFIDENTIALITY AGREEMENT AND
PROTECTIVE ORDER AND [PROPOSED] ORDER

"CONFIDENTIAL" ["HIGHLY CONFIDENTIAL"] are to be destroyed or returned to counsel who provided me with such material at the option of counsel.

8.      I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information designated as "CONFIDENTIAL" ["HIGHLY CONFIDENTIAL"] obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

9.      I further agree to submit to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after this action is terminated.

10.     I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____, 2015        _____

                                          Signature: